1  KENNETH B. WILSON, State Bar No. 130009
    kwilson@perkinscoie.com
2  STEFANI E. SHANBERG, State Bar No. 206717
    sshanberg@perkinscoie.com
3  SARAH E. PIEPMEIER, State Bar No. 227094
    spiepmeier@perkinscoie.com
4  LILA I. BAILEY, State Bar No. 238918
    lbailey@perkinscoie.com
5  PERKINS COIE LLP
    180 Townsend Street, Third Floor
6  San Francisco, California 94107
    Telephone:     (415) 344-7000
7  Facsimile:      (415) 344-7050

8  Attorneys for Plaintiff
    INTERNET ARCHIVE
9

10              **UNITED STATES DISTRICT COURT**

11          **NORTHERN DISTRICT OF CALIFORNIA**

12              **SAN FRANCISCO DIVISION**

13

| | |
|---|---|
| INTERNET ARCHIVE, ) | CASE NO.: |
| a California 501(c)(3) non-profit organization, ) | |
| ) | **COMPLAINT FOR** |
| Plaintiff, ) | **DECLARATORY RELIEF OF** |
| ) | **COPYRIGHT NON-** |
| v. ) | **INFRINGEMENT** |
| ) | |
| SUZANNE SHELL, ) | |
| a Colorado resident, ) | |
| ) | |
| Defendant. ) | |
| ) | |

     Plaintiff Internet Archive ("Plaintiff" or "Internet Archive") hereby alleges for its

Complaint against Defendant Suzanne Shell ("Defendant" or "Shell"), on personal knowledge as

to its own acts and on information and belief as to the actions of others, as follows:

### The Parties

     1.     Plaintiff Internet Archive is a 501(c)(3) public non-profit organization with its

principal place of business in San Francisco, California. Internet Archive's mission is to build an

"Internet library," with the purpose of providing researchers, historians, scholars, and the public

at large with permanent access to historical collections of information that exist in digital format.

---

COMPLAINT FOR DECLARATORY RELIEF                 BY053570.103

1    2.    Defendant Suzanne Shell is an individual residing in Elbert, Colorado.  Defendant

2    Shell promotes herself as an advocate for, and consultant to, individuals accused of child abuse

3    or neglect.  Defendant Shell maintains an Internet Web site at www.profane-justice.org, through

4    which she markets herself, her services, and publications.

5    **Jurisdiction and Venue**

6    3.    This Court has jurisdiction over the subject matter of this action pursuant to 28

7    U.S.C. §§ 1331 and 1338(a), as this action arises under the copyright laws of the United States.

8    4.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as this is a judicial

9    district in which a substantial part of the events giving rise to the claims occurred.

10    **Intra District Assignment**

11    5.    This action is properly filed in the San Francisco Division of the United States

12    District Court for the Northern District of California pursuant to Civil L.R. 3-2(c) and (e)

13    because a substantial part of the events giving rise to the claims set forth in this Complaint

14    occurred in San Francisco County.

15    **Factual Background**

16    6.    Open and free access to literature and other written materials has long been

17    considered essential to the education and maintenance of an open society.  Public and

18    philanthropic enterprises have supported such access through the ages.  To that end, the Internet

19    Archive is working to prevent the Internet -- a modern medium with major historical significance

20    – and other 'born-digital' materials from disappearing into the past.

21    7.    Internet Archive's Wayback Machine provides public access to archived Web site

22    content, and it can be used to access over 55 billion Web pages archived as early as 1996.

23    Collaborating with institutions such as the Library of Congress and the Smithsonian, Internet

24    Archive is working to preserve a record of modern society's history and culture for generations

25    to come.

26    8.    As Stewart Brand, President of the Long Now Foundation noted:  "The Internet

27    Archive is a service so essential that its founding is bound to be looked back on with the

28    fondness and respect that people now have for the public libraries seeded by Andrew Carnegie a

COMPLAINT FOR DECLARATORY RELIEF          2          BY053570.103

century ago. . . . Digitized information, especially on the Internet, has such rapid turnover these days that total loss is the norm. Civilization is developing severe amnesia as a result; indeed it may have become too amnesiac already to notice the problem properly. The Internet Archive is the beginning of a cure – the beginning of complete, detailed, accessible, searchable memory for society, and not just scholars this time, but everyone."

9.     In an effort to accommodate Web site authors who do not want a historical record made of their sites, Internet Archive provides information on its Web site advising Web site owners how to remove sites from the historical archives. Internet Archive has also removed documents from the Wayback Machine upon request by the Web site author or publisher.

## FIRST CAUSE OF ACTION

(Declaratory Relief)

10.    Internet Archive repeats and re-alleges the allegations of paragraphs 1 through 9 of the Complaint as if fully set forth herein.

11.    On December 12, 2005, Internet Archive's Copyright Agent received an email from Shell asserting that she owned a registered copyright in the Web site www.profane-justice.org and complaining about Internet Archive's inclusion of Web pages from the www.profane-justice.org Web site in its historical archive.

12.    In the December 12, 2005 email, Shell threatened to sue Internet Archive for copyright infringement and to seek actual and/or statutory damages from Internet Archive, including any additional liability created by third parties who accessed the www.profane-justice.org Web site through the Wayback Machine.

13.    In response to the December 12, 2005 email, Internet Archive immediately removed the Web site from the Wayback Machine. As a result, the www.profane-justice.org Web site is no longer available through the Wayback Machine.

14.    Not satisfied with Internet Archive's reasonable response of removing the www.profane-justice.org Web site from the Wayback Machine, Shell has repeatedly reiterated her threat to sue if Internet Archive remains unwilling to offer her a monetary settlement.

1    Specifically, Shell has advised Internet Archive that she will file suit unless the Internet Archive

2    pays her the sum of $100,000.00.

3         15.    Prior to filing this action, Internet Archive contacted Shell in an effort to

4    determine whether there was something short of monetary compensation that would satisfy her

5    concerns.  Shell responded that unless Internet Archive will pay her, she intends to file suit.

6         16.    As a non-profit organization, Internet Archive is neither willing, nor able to settle

7    this matter by providing Shell with monetary compensation.

8         17.    Shell has a history of being litigious, as described in an article entitled "Beyond

9    Contempt" which was published at the URL http://www.westword.com/issues/2005-02-

10   10/news/feature.html.  According to the Westword.com article, Shell is under an injunction from

11   the State Supreme Court of Colorado for the unauthorized practice of law in connection with her

12   advocacy on behalf of individuals accused of child abuse and neglect.

13        18.    As further evidence of her litigious nature, Shell offers a "reward" in the form of a

14   percentage of any payment received, or damages awarded to, anyone reporting copyright

15   infringement of the materials posted on her www.profane-justice.org Web site.

16        19.    As a result of Shell's statements, demands, and litigious reputation, Internet

17   Archive has a reasonable apprehension that Shell will file suit against Internet Archive for

18   copyright infringement and that such a suit is imminent.

19        20.    Internet Archive has not violated Shell's copyrights.  Internet Archive made fair

20   and permissible use of the www.profane-justice.org Web site for the purpose of offering

21   permanent access for researchers, historians, scholars, and the public to historical collections that

22   exist in digital format.

23        21.    There exists an actual, justiciable, and legal controversy between Internet Archive

24   and Shell regarding whether Internet Archive has infringed Shell's copyrights and whether

25   Internet Archive made fair and permissible use of the www.profane-justice.org Web site.

26        22.    Internet Archive therefore desires, and is entitled to, a judicial determination and

27   declaration pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57 that Internet

28

COMPLAINT FOR DECLARATORY RELIEF          4

1  Archive is not liable for infringing Shell's copyrights and that it made fair and permissible use of

2  the www.profane-justice.org Web site.

3  <center>**<u>Prayer for Relief</u>**</center>

4       WHEREFORE, Internet Archive requests that the Court enter judgment in its favor and

5  against Shell on its Complaint as follows:

6       A.     Declaring that Internet Archive is not liable for infringing Shell's copyrights;

7       B.     Declaring that Internet Archive made fair and permissible use of the

8  www.profane-justice.org Web site;

9       C.     Awarding Internet Archive its costs incurred in this action, together with

10  reasonable attorney's fees pursuant to statute;

11       D.     Granting such other and further relief as this Court may deem just and proper.

12  Dated:  January 20, 2006          **PERKINS COIE** LLP

13

14

15  By: Kenneth B. Wil

16       Kenneth B. Wilson

17       Attorneys for Plaintiff INTERNET ARCHIVE

18

19

20

21

22

23

24

25

26

27

28

1
2

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

3
4        Pursuant to Civil Local Rule 3-16, the undersigned certifies that there are no persons,

5    associations of persons, firms, partnerships, corporations (including parent corporations) or other

6    entities (i) have a financial interest in the subject matter in controversy or in a party to the

7    proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be

substantially affected by the outcome of this proceeding other than the named parties.

8
9    Dated:  January 20, 2006.              **PERKINS COIE** LLP

10
11                                By _Kennoll B Wil_____
                                           Kenneth B. Wilson

12                                Attorneys for Plaintiff INTERNET ARCHIVE

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT FOR DECLARATORY RELIEF              6                              BY053570.103