IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

INTERNET ARCHIVE,

    Plaintiff,

v.

SUZANNE SHELL,

    Defendant.

                                       /

No. C 06-00397 JSW

**ORDER REGARDING OUTSTANDING MOTIONS; VACATING HEARING DATE; AND REFERRING DISCOVERY TO MAGISTRATE JUDGE**

The Court has received numerous filings in this matter, including: (1) Defendant Shell's motion to transfer to the District Court of Colorado; (2) Shell's motion to amend the counterclaims to add individual third party defendants; (3) Plaintiff Internet Archive's motion to dismiss three out of the four causes of action in the counterclaims; (4) Shell's motion to strike the motion to dismiss; and (5) Shell's recently-filed motion for Rule 11 sanctions against Internet Archive's counsel. The only properly noticed motions (Shell's motions to transfer and to amend, as well as Internet Archive's motion to dismiss) were set on this Court's calendar to be heard Friday, May 19, 2006 at 9:00 a.m. In the interest of orderly resolution of the parties' disputes, this Court HEREBY VACATES the hearing on the motions and the case management conference set for May 19, 2006, and sets out its partial ruling below with instructions for the parties.

**A.      Personal Jurisdiction Issues.**

      **1.      The Court Does Not Find Shell Has Waived Her Jurisdictional Objection.**

In opposition to Shell's motion to transfer, Internet Archive contends that Shell has waived her objection to personal jurisdiction by failing to assert the objection in her first responsive pleading and by filing a counterclaim.  Shell, appearing pro se, indicated in her answer that although the Court maintained subject matter jurisdiction, she contested the propriety of the venue.  (*See* Second Amended Answer, ¶¶ 4, 5.)  It is clear that Shell does not recognize the legal distinction between an objection to personal jurisdiction and an objection to venue.[1]  Shell admits that she may have made technical mistakes in responding to the declaratory relief action initiated by Internet Archive, but she has consistently maintained her objection to this Court exercising personal jurisdiction over her (*see* Motion to Transfer, ¶ 7; Motion to Strike, ¶¶ 1, 9; Joint Case Management Statement, ¶ 1) and has unqualifiedly maintained the position that "Internet Archive has no legal basis under which it can legitimately claim a right to sue me in a California court."  (*See* Response to Opposition to Motion to Transfer, ¶ 3.)  The Court finds that it is clear from Shell's initial and numerous subsequent submissions that she contests the power of this Court to resolve the outstanding dispute between the parties.  Furthermore, it is not clear to the Court that it has the authority to exercise its jurisdiction over this non-resident defendant.

Although the filing of an affirmative counterclaim under most circumstances constitutes an appearance and a waiver of the objection to personal jurisdiction, *Schnabel v. Lui*, 302 F.3d

---

[1] The Court reserves ruling on the issue of venue, but because Shell appears to confuse the concepts of venue and jurisdiction, for the sake of clarification, the Court sets out below the standard for transfer based on venue.  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  To determine if transfer to another forum would better serve the convenience of the parties and witnesses and be in the interest of justice, the Court must consider both the private and public interest factors affecting the convenience of the forum.  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  The factors to be considered are: (1) plaintiff's choice of forum; (2) convenience of the parties; (3) convenience of the witnesses; (4) access to compulsory process of third party witnesses**;** (5) ease of access to sources of proof; (6) local interest in the controversy; (7) familiarity of each forum with the applicable law; and (8) relative court congestion in each forum.  *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508-09 (1947); *Decker Coal Co.*, 805 F.2d at 843.

2

1 1023, 1033 (9th Cir. 2002), the Court finds that, as a pro se party, Shell has consistently
2 objected to this Court's hearing this matter including in the very same counterclaim. Therefore,
3 in recognition of Shell's pro se status, the Court will consider the merits of her objection to
4 personal jurisdiction. *See Indymac Mortgage Holdings, Inc. v. Reyad*, 167 F. Supp. 2d 222, 234
5 (D. Conn. 2001) (reaching the merits on a motion to dismiss for lack of personal jurisdiction
6 where pro se defendant filed a counterclaim).

**2.    Standards for Finding Personal Jurisdiction Over Non-Resident Defendant.**

8 Due process precludes a court from asserting jurisdiction over a defendant unless the
9 defendant has certain minimum contacts with the forum state. The overriding constitutional
10 principle is that maintenance of an action in the forum must not offend "traditional
11 conception[s] of fair play and substantial justice." *International Shoe Co. v. Washington*, 326
12 U.S. 310, 320 (1945). The defendant's "conduct and connection with the forum State" must be
13 such that the defendant "should reasonably anticipate being haled into court there." *World-*
14 *Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). "In judging minimum contacts,
15 a court properly focuses on 'the relationship among the defendant, the forum, and the
16 litigation." *Calder v. Jones*, 465 U.S. 783, 788 (1984) (quoting *Shaffer v. Heitner*, 433 U.S.
17 186, 204 (1977)).

18 Whether a party's contacts with the forum are sufficient to permit the state to exercise
19 jurisdiction depends upon the facts of each case. *Thos. P. Gonzalez Corp. v. Consejo Nacional*
20 *de Produccion de Costa Rica*, 614 F.2d 1247, 1251 (9th Cir. 1980). First, Internet Archive
21 could assert a claim for general jurisdiction, *i.e.*, that Shell's contacts with the forum are
22 "substantial" or "continuous and systematic." *See, e.g., Data Disc, Inc. v. Systems Technology*
23 *Assoc., Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977). Alternatively, Internet Archive could assert
24 that the Court should exercise specific jurisdiction where "the issue of whether jurisdiction will
25 lie turns on an evaluation of the nature and quality of the defendant's contacts in relation to the
26 cause of action." *See id.*

27 To evaluate the nature and quality of a defendant's contacts for the purposes of specific
28 jurisdiction, courts use the following three-part test: (1) some action must be taken whereby the

3

1  defendant purposefully avails itself of the privilege of conducting activities in the forum,
2  thereby invoking the benefits and protections of the forum's laws; (2) the claim must arise out
3  of or result from the defendant's forum-related activities; and (3) exercise of jurisdiction must
4  be reasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985); *see also Cubbage v.*
5  *Merchant*, 744 F.2d 665, 668 (9th Cir. 1984).

6        The "purposeful availment" prong "requires that the defendant 'have performed some
7  type of affirmative conduct which allows or promotes the transaction of business within the
8  forum state." *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990) (citing *Sinatra v. National*
9  *Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir. 1988)). With respect to web sites and internet
10 activity, the Ninth Circuit applies the "sliding scale" approach to jurisdiction utilized by the
11 district court in *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997).
12 *See Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419 (9th Cir. 1997). Under this approach,
13 "the likelihood that personal jurisdiction can be constitutionally exercised is directly
14 proportionate to the nature and quality of commercial activity that an entity conducts over the
15 internet." *Cybersell*, 130 F.3d at 419 (quoting *Zippo*, 952 F. Supp. at 1124).

16       "At one end of this sliding scale, the defendant conducts business transactions over the
17 Internet with residents of the forum. ... In such situations, jurisdiction is almost always proper,
18 because the defendant has asserted itself into the forum and made actual contact, often
19 commercial, with a forum resident. ... At the other end of the scale are 'passive' Web sites,
20 through which the defendant simply posts information to those who access the site, such as
21 advertisements and informational pieces about the Web site host." *Callaway Golf Corp. v.*
22 *Royal Canadian Golf Ass'n*, 125 F. Supp. 2d 1194, 1202-3 (C. D. Cal. 2000) (citations and
23 quotations omitted); *see also Stomp, Inc. v. Neato, LLC*, 61 F. Supp. 2d 1074, 1078 (C.D. Cal.
24 1999) ("personal jurisdiction is not appropriate when a website is merely ... passive ..., but is
25 appropriate when an entity is conducting business over the Internet"). In sum, courts look "to
26 the 'level of interactivity and commercial nature of the exchange of information that occurs on
27 the Web site' to determine if sufficient contacts exist to warrant the exercise of jurisdiction."
28 *Cybersell*, 130 F.3d at 419 (quoting *Zippo*, 952 F. Supp. at 1124).

The second prong of the test for specific jurisdiction requires that "the contacts constituting purposeful availment must be the ones that give rise to the current suit." *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1088 (9th Cir. 2000). Finally, the third prong of the test for specific jurisdiction requires that the exercise of jurisdiction be reasonable. *Sher*, 911 F.2d at 1361.

### 3. The Court Grants Internet Archive's Request for Jurisdictional Discovery.

On this record, the Court cannot determine whether Shell's objections to the exercise of jurisdiction are well-taken. In response to Shell's motion to transfer this matter, Internet Archive contends that it is entitled to conduct jurisdictional discovery to determine whether this Court may exercise personal jurisdiction over Shell. Because the Court finds this threshold issue has not been satisfactorily addressed, the Court HEREBY GRANTS Internet Archive's request for leave to conduct expedited jurisdictional discovery. *See Cubbage*, 744 F.2d at 667 (holding that it is the plaintiff's burden to establish the court's personal jurisdiction over a defendant); *see also Data Disc, Inc. v. Systems Technology Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977) (holding that the district court may consider evidence presented in affidavits to assist in its determination and may order discovery on the jurisdictional issues).

In an effort to expedite the process of determining whether this Court may exercise jurisdiction over Shell, the Court HEREBY ORDERS that Internet Archive may take limited jurisdictional discovery to be completed within the next three months, or no later than August 18, 2006. In addition, pursuant to Local Rule 72-1, the Court HEREBY REFERS any and all potential discovery matters that may arise, including resolution of disputes regarding expedited response times, for resolution before a randomly assigned magistrate judge.

After completion of jurisdictional discovery, the Court will hear the parties' positions on the threshold issue of personal jurisdiction. By no later than August 25, 2006, Internet Archive shall file a supplemental opposition brief setting forth its prima facie case of jurisdiction over Shell. By no later than September 9, 2006, Shell shall file a reply brief. The Court will set a hearing date by separate order if it deems such a hearing necessary.

**B.      Remaining Issues.**

The Court deems the motion to transfer, the motion to dismiss and the motion to amend to be fully briefed and ripe for decision. However, because the Court cannot yet determine whether the exercise of jurisdiction is proper, those pending motions are HEREBY TAKEN UNDER SUBMISSION and the Court reserves ruling pending resolution of the threshold jurisdictional question. Shell's motion to strike is DENIED as moot. Shell's motion for Rule 11 sanctions is not properly noticed and must be fully briefed before it is ripe for resolution. Should Shell wish to pursue such sanctions after resolution of the jurisdictional issue, she must notice such motion for hearing in conformity with Federal Rule of Civil Procedure 11 and Civil Local Rule 7-2. The Court advises Shell that a Handbook for Pro Se Litigants, which contains helpful information about proceeding without an attorney, is available through the Court's website or in the Clerk's office.

**IT IS SO ORDERED.**

Dated: May 17, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE